**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| TYRONE CURTIS GEORGE, SR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 3:15-CV-4-TLS |
| | ) |
| WELDON COOK and R. JONES, | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

Tyrone Curtis George, Sr., a *pro se* prisoner, filed a complaint alleging that he was denied medical treatment for Sickle Cell Anemia[1] while he was a pre-trial detainee at the LaPorte County Jail in November 2014. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted) (internal quotation marks omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, this court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

---

[1] "Sickle cell anemia is a disease in which your body produces abnormally shaped red blood cells. The cells are shaped like a crescent or sickle. They don't last as long as normal, round red blood cells. This leads to anemia. The sickle cells also get stuck in blood vessels, blocking blood flow. This can cause pain and organ damage." MedlinePlus, U.S. National Library of Medicine, National Institutes of Health (May 7, 2015), http://vsearch.nlm.nih.gov/vivisimo/cgi-bin/query-meta?v%3Aproject=medlineplus&v%3Asources=medlineplus-bundle&query=sickle+cell+anemia.

The Plaintiff alleges that on November 3, 2014, he was in severe pain because of his Sickle Cell Anemia. He alleges that when this information was relayed to Dr. Weldon Cook by the nurse, Dr. Cook prescribed aspirin or Motrin 400.[2] Though the Plaintiff alleges that this medication was ineffective to treat his pain, he does not allege that Dr. Cook was ever updated about his condition. Rather, he alleges that he was "left laying on the dayroom floor in N-3 for 3 days ." (ECF No. 1 at 3.) He does not indicate who saw him during those three days nor who made the decision to send him to the hospital on November 6, 2014.

"For a medical professional to be liable for deliberate indifference to an inmate's medical needs, he must make a decision that represents such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008) (citations omitted) (internal quotation marks omitted). Prisoners are "not entitled to demand specific care[, nor are they] entitled to the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Mere disagreement with a medical professional does not state a claim, *Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003), and even medical malpractice and incompetence do not state a claim of deliberate indifference. *Walker v. Peters*, 233 F.3d 494 (7th Cir. 2000). "Whether and how pain associated with medical treatment should be mitigated is for

---

[2] Aspirin is used to relieve mild to moderate pain. MedlinePlus, U.S. National Library of Medicine, National Institutes of Health (May 7, 2015), http://www.nlm.nih.gov/medlineplus/druginfo/meds/ a682878.html. Motrin is a brand name for ibuprofen which is also used to relieve mild to moderate pain. MedlinePlus, U.S. National Library of Medicine, National Institutes of Health (May 7, 2015), http://www.nlm.nih.gov/medlineplus/druginfo/meds/a682159.html.

doctors to decide free from judicial interference, except in the most extreme situations." *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996).

To state a claim, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (footnote omitted) (citations omitted) (internal quotation marks omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (brackets omitted) (internal quotation marks omitted).

Such is the case here. The only factual allegations about Dr. Cook are that he initially selected a conservative treatment by prescribing medication to relieve mild to moderate pain. Though this medication did not control the Plaintiff's pain, the decision to initially begin with a conservative treatment option is not such an extreme decision to demonstrate deliberate indifference. A doctor "is not responsible for the treatment's lack of success." *Griffin v. Foley*, 542 F.3d 209, 215 n.10 (7th Cir. 2008). There is no indication when or if Dr. Cook was informed that the pain medication was ineffective. There is no indication that he knew that the Plaintiff was still in pain or that he was left on the dayroom floor for three days. Therefore, the complaint does not state a claim against Dr. Cook.

However, the Plaintiff also sues Cpl. R. Jones. The Plaintiff alleges that after he was released from the hospital on November 9, 2014, he asked Cpl. Jones to see the nurse because he was in pain and having a Sickle Cell crisis. He alleges that Cpl. Jones told him that he needed to fill out a medical request form because he was not special. He alleges that Cpl. Jones then slammed the cell door in his face and left. Cpl. Jones did not contact the nurse. However, when she ultimately learned of the Plaintiff's condition, she had him transported to the hospital for treatment. In medical cases, the Constitution is violated only when a defendant was deliberately indifferent to an inmate's serious medical needs. *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). A medical need is serious if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention, and if untreated could result in further significant injury or unnecessary pain, and that significantly affects the person's daily activities or features chronic and substantial pain. *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). Though it is unclear precisely what Cpl. Jones saw or understood about the Plaintiff's medical condition, these allegations are sufficient to state a claim that he was deliberately indifferent to a serious medical need.

For the foregoing reasons, the Court:

(1) GRANTS the Plaintiff, Tyrone Curtis George, Sr., leave to proceed against Cpl. R. Jones in his individual capacity for compensatory damages for denying the Plaintiff medical treatment by refusing to notify the nurse that the Plaintiff was in pain and having a Sickle Cell crisis in violation of the Fourteenth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Dr. Weldon Cook;

(4) DIRECTS the Clerk to transmit the summons and USM-285 forms for Cpl. R. Jones to the United States Marshals Service along with a copy of the Complaint and this Order;

(5) DIRECTS the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect service of process on Cpl. R. Jones; and

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that Cpl. R. Jones respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on May 8, 2015.

s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION